**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 5, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT DAVID DUNN,

      Plaintiff-Appellant,

v.

STATE OF OKLAHOMA, and JANET
DOWLING, Acting Warden,

      Defendants-Appellees.

No. 12-6280

(W.D. of Okla.)

(D.C. No. CV-12-00722-F)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **BRISCOE**, Chief Judge, **EBEL**, and **TYMKOVICH**, Circuit Judges.[**]

Robert David Dunn, an Oklahoma prisoner proceeding *pro se*,[1] requests a

certificate of appealability (COA) to appeal the district court's denial of his

application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also

asks this court for leave to proceed *in forma pauperis*. For the reasons set forth

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Dunn is proceeding *pro se*, we construe his pleadings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

below, we deny him *in forma pauperis* status, deny the application for a COA, and dismiss this matter.

We may issue a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court dismisses a § 2254 petition on procedural grounds, a COA is warranted only if "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This appeal is frivolous. Almost two decades after pleading guilty to charges of rape and sodomy in 1992, Dunn filed his first § 2254 petition, which we dismissed as time-barred under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). *See Dunn v. Parker*, 389 F. App'x 787 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 1051, *reh'g denied*, 131 S. Ct. 1722 (2011). Dunn then filed in state court in 2012 another habeas petition raising essentially the same claims. Oklahoma state courts denied the petition because he had failed to exhaust Oklahoma state administrative remedies and because the petition was time-barred under Oklahoma law.

Back in federal court, finding the state-law grounds for the denial of relief to be independent and adequate, the district court denied Dunn's petition for a COA and refused to allow him to proceed with this appeal *in forma pauperis* because the appeal was frivolous.

-2-

Dunn seeks to appeal anyway, which means we are presented with a § 2254 petition that appears to have three fatal defects: (1) we have already adjudicated a similar petition to be time-barred under AEDPA; (2) the petition is successive and would be barred under 28 U.S.C. § 2244(b); and (3) the petition was dismissed by the federal district court on the ground that Oklahoma rules requiring timely raising and properly exhausting claims provided an independent and adequate state ground precluding relief. To be sure, neither the state nor the federal district court addressed these first two grounds for dismissing the petition and relied solely on the third. Yet Dunn provides nothing more than conclusory arguments as to why his failure to follow state law should not preclude our grant of a COA, and we see no reason to disagree or even debate the judgment of the district court.

We accordingly DENY the petition for a COA and DENY Dunn's motion to proceed *in forma pauperis*. We deny the motions to supplement the record on appeal and the motion to appoint counsel. We remind Dunn to pay his filing fee in full.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge